The jury, by the consent of parties, was permitted to pass upon the damages, subject to the opinion of the Court, whether the verdict should not be set aside and a nonsuit awarded. The damages so assessed were $490.
The facts of the case, as proved by the witnesses, were as follows: The plaintiff showed, that he was administrator of one John Hammand. Mr. Huske, the pension agent of the United States Government, for North Carolina, proved that, in 1853, he received from the proper department of the Government, *Page 312 
and was authorised to pay over to the said John Hammond $986, and that he paid the same to the defendant on Hammond's power of attorney, he being then alive. A demand and refusal was also proved by the plaintiff.
The defendant proved that he had paid the plaintiff's intestate one half of the sum, less 10 per cent on the amount. The defendant also proved by one McCollum, that some time previously to the allowing the pension, he heard a conversation between the defendant and the intestate, Hammond, upon the subject. The defendant told Hammond that he was entitled to a pension, and that he (defendant) was connected with a pension-agent at Washington City, who would or could have it allowed, but that this agent would not move in the premises, unless he should receive one half for his services; that he, defendant, would charge 10 per cent on the other half for his
services, and that no charge would be made against him, (Hammond) in the event of a failure to get the pension. After some protestation against the exorbitancy of the terms, Hammond agreed to them, saying, "half a loaf was better than no bread." The pension, by the exertions of the Washington agent, was allowed by the department, and deposited with the pension agent at Fayetteville, in this State, and the whole drawn out as above stated. One half of this sum was forthwith handed over to the Washington agent, and the other half, minus the 10 per cent, was paid to Hammond. After this, a demand was made by Hammond for the other half, and on refusal, this suit was instituted. No claim was set up in this action for the 10 per cent received by the defendant.
His Honor, on consideration of the matter reserved, ordered the verdict to be set aside, and a nonsuit entered; from which judgment, the plaintiff appealed.
Had the action been brought against the agent *Page 313 
in Washington City, it might have been sustained upon the authority of the case of Powell v. Jennings, 3 Jones' Rep. 537. But as the defendant paid over the amount, now sought to be recovered, to the Washington City agent, with the assent, if not at the request of the plaintiff's intestate, it cannot now be recovered from the defendant in an action for money had and received. This case is very analogous to the deposit of money with a stake-holder, on an illegal wager, which cannot be recovered from the stake-holder, by the loser, if, at his request, or by his consent, it has been paid over to the winner. But if it had been demanded of the stake-holder, before he paid it to the winner, the loser might recover it back. See Wood v. Wood, 3 Murph. Rep. 172, and Forest v. Hart, Ibid, 458, and the cases there cited. We do not discover any error in the judgment and it must be affirmed.
PER CURIAM. Judgment affirmed.